IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3069-F

| | | |
|---|---|---|
| MICHAEL RANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF WINDSOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's motion for reconsideration [DE-12]. Plaintiff

filed this civil action under 42 U.S.C. § 1983. Compl. [DE-1]. This court dismissed the action

pursuant to 28 U.S.C. § 1915(g)[1] on June 5, 2014. On July 3, 2014, Plaintiff filed the instant motion

for reconsideration [DE-12], requesting that this court reconsider its June 5, 2014 Order. Also on

July 3, 2014, Plaintiff filed a Notice of Appeal [DE-13].

As a general rule, the filing of a notice of appeal divests the district court of jurisdiction.

Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). Even so, the Federal

Rules of Appellate Procedure explicitly recognize an exception, and Rule 4(a)(4)(B)(i) allows this

court to decide the instant Petition for Reconsideration while the appeal is pending. See Fed. R.

App. P. 4(a)(4)(B)(i) (setting forth the procedures for the effect of a motion on a notice of appeal);

see also Wheeler v. Accrediting Council for Continuing Educ. & Training, 70 F.3d 114, 114 (4th Cir.

---

[1] Section 1915(g) allows a court to dismiss a prisoner's action "if the prisoner has, on 3 or
more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in
a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails
to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of
serious physical injury." 28 U.S.C. § 1915(g).

1995) (per curiam) (holding that the pro se plaintiff's notice of appeal was not effective until the motion for new trial was resolved).

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Presumably, Plaintiff seeks to correct a clear error of law or prevent manifest injustice. However, the arguments presented in his motion for reconsideration fail to satisfy the standard to alter or amend a judgment. As the court noted in its June 5, 2014 order, Plaintiff contends that prison officials at Bertie Martin Regional Jail ("Bertie") were deliberately indifferent to his serious medical needs. However, Plaintiff is no longer detained at Bertie. "Threats of imminent danger relating to a specific institution or specific employees at the institution cease when the plaintiff is transferred to another facility." Smith v. Danforth, No. 7:12-CV-23 HL, 2012 WL 5422358, at *3 (M.D. Ga. Oct. 11, 2012); see also, Gould v. Owens, No. 7:10-CV-95 HL, 2011 WL 3347907 (M.D. Ga. July 6, 2011) (same); Whigham v. Eve, No. 5:08CV175/SPM/EMT, 2008 WL 2694788, at 3 (N.D. Fla. June 30, 2008) (any threat of imminent danger ceased when plaintiff was transferred to another institution); Young v. Sisneroz, No. C03-3446 VRW(PR), 2003 WL

2

22159059 (N.D. Cal. Sept. 12, 2003) (finding no imminent danger "for an action for damages for past wrongdoing at a jail in which the plaintiff [was] no longer detained"). In his motion for reconsideration, Plaintiff concedes that he is no longer detained at Bertie. Accordingly, Plaintiff's request shall be denied under Rule 59(e).

Alternatively, to the extent that Plaintiff may be requesting relief under Rule 60(b) of the Federal Rules of Civil Procedure, such request is also denied. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense] . . . , and that the opposing party will not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotations omitted); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988) (per curiam). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. The court concludes that Plaintiff has not met the requisite threshold showings. Consequently, he is not entitled to relief under Rule 60(b).

For the foregoing reasons, Plaintiff's motion for reconsideration [DE-8] is DENIED.

SO ORDERED.

This the 24 day of November, 2014.

JAMES C. FOX
Senior United States District Judge

3